Affirmed and Opinion filed June 16, 2009








Affirmed
and Opinion filed June 16, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00705-CV

____________

 

CECIL GAMMILL, JR. AND JAIME
MARTINEZ,
Appellants

 

V.

 

DAVID A. FETTNER, TRUSTEE OF THE
GAMMILL FAMILY TRUST, JOHN GAMMILL, KATHLEEN BUNGARD, LAURA GAMMILL, JANICE
PHILLIPS, AND DANIEL GAMMILL, Appellees

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 2004-55686-C

 



 

O P I N I O N








This suit involves a dispute as to whether the trustee of a
testamentary trust holds title to certain real property.  The trial court
granted summary judgment regarding claims asserted by the trustee against
various family members.  Two family members appeal asserting that the trial
court lacked subject-matter jurisdiction and that the trial court erred in
granting summary judgment, denying the family members= motion for new
trial, and granting the severance that made the summary judgment final.  We
conclude that the district court had subject-matter jurisdiction and that the
family members have not shown that the trial court erred in making these
rulings.  Accordingly, we affirm the trial court=s judgment.  

I.  Factual and Procedural
Background

Cecil Gammill, Sr. (ACecil Sr.@) died in 1995. 
In his will, he established the Gammill Family Trust (hereinafter AFamily Trust@).[1] 
Under Article III of the will, entitled ATrust
Distributions and Duration,@ Cecil Sr. provided that, as soon as
practicable after the death of his wife, Jackie Marie Gammill (AJackie@), the Trustee
shall distribute the assets, one of which was his interest in a piece of
property described in the will as Lots One Hundred Six and One Hundred Seven of
Garden Acres Subdivision (hereinafter AProperty@).[2] 
In his will, Cecil Sr. also gave his wife a power of appointment, stating, Aupon the death of
my wife . . . the Trustee shall distribute the remaining principal and income
of the Family Trust in such manner, outright, in trust, or otherwise, to or for
the benefit of any one or more of my issue as my wife may appoint only by
specific reference thereto in her Will admitted to probate, provided that such
power to appoint may not be exercised in favor of my wife, her estate, her
creditors or the creditors of her estate.@  Cecil Sr.
further provided in his will that if Jackie failed to exercise the power of
appointment with respect to the principal or income of the trust, then such
portion not effectively appointed would be distributed as otherwise provided in
Cecil Sr.=s will.  








Jackie died in 2002.  In her last will and testament,
Jackie attempted to give the Property by specific devise to the Foundation for
DePelchin Children=s Center (hereinafter the ACenter@).  In August
2002, Jackie=s will was admitted to probate in Cause No. 332,455,
in Harris County Probate Court No. 2.  In October 2004, Kathleen Rose Gammill
Bungard filed an original petition in the 190th Judicial District Court in
Harris County.  In the petition, Kathleen asserted claims against Philip
Donisi, the independent executor of the Estate of Jackie Marie Gammill, and
Kathleen=s two sisters,
Janice Marie Gammill Philips and Laura May Gammill, individually and as joint
trustees of the Family Trust.  Kathleen also joined as parties two other
siblings, John Edward Gammill and Daniel Andrew Gammill.  Kathleen sought to
compel the distribution of assets of the estates of Cecil Sr. and Jackie,
including the Property, and also alleged Kathleen=s two sisters had
taken possession over certain assets belonging to the Family Trust.  Donisi
filed a plea in abatement with the 190th District Court, stating that Kathleen
had filed a claim with Harris County Probate Court Number 2 asserting the same
basic allegations against him in Cause No. 332,455-401.  Kathleen later
nonsuited her claims against Donisi, and she entered into an interlocutory
agreed order to dismiss all claims for damages against her sisters and the
Family Trust.[3]









 In July 2005, the 190th District Court appointed David A.
Fettner as successor trustee of the Family Trust.  In June 2006, Fettner filed
an original petition in the 333rd Judicial District Court in Harris County,
joining for the first time Cecil Gammill, Jr. (ACecil Jr.@) and Cecil Jr.=s daughter, Jaime
Martinez, in the district court proceedings.  In his petition, Fettner sought a
declaratory judgment.  Fettner stated that Cecil Sr. owned the Property at the
time of his death by virtue of a special warranty gift deed from Jackie to Cecil
Sr.[4] 
As independent executor of Cecil Sr.=s will, Jackie,
according to the pleading, executed a special warranty distribution deed transferring
the Property to the Family Trust, making the Property an asset of the Family
Trust.  The special warranty distribution deed shows that Jackie was the
trustee of the Family Trust at the time.  In the petition, Fettner asserted
that Jackie=s attempted devise of the Property to the Center was
not valid because her power of appointment was limited by the language in Cecil
Sr.=s will.  So that
Fettner could distribute the assets of the Family Trust, he requested a
determination as to whether the residuary language of Jackie=s will constituted
a proper exercise of the powers of appointment afforded Jackie by Cecil Sr.=s will.  In the
same petition, Fettner also brought a trespass-to-try-title action, stating
that as trustee he was the owner in fee simple of the Property and that Cecil
Jr. unlawfully had entered upon and dispossessed the Family Trust of the
Property. 

          Fettner
filed a motion to consolidate his 2006 suit with the 2004 case in the 190th
District Court.  The 190th District Court, on November 7, 2006, granted Fettner=s motion to
consolidate the case pending in the 333rd with what was pending in the 190th,
merging the cases into Cause No. 2004-55686 and realigning the parties.[5] 
In his second amended petition in the trial court below, Fettner asserted the
following:

!       The Family Trust has held title to the
Property since March 26, 1996.

!       Before Fettner can distribute the assets of
the Family Trust, it must be determined whether the residuary language of
Jackie=s will constituted a proper
exercise of the powers of appointment afforded Jackie by Cecil Sr.=s will or whether her attempt to
exercise the power of appointment was invalid.

!       Cecil Jr. unlawfully has entered upon the
Property and dispossessed the Family Trust of the Property.  Fettner, as
trustee, is entitled to possession of the Property; however, Cecil Jr. still
withholds possession. 

!       Fettner believes that Cecil Jr.=s claims to some ownership right in
the Property are secondary and inferior to the title in the Property held by
Fettner as trustee.








!       Fettner
sought declaratory-judgment relief and a judgment that he held title to the
Property and was entitled to possession of the Property.

On February 8, 2006, Fettner moved for summary judgment,
asserting that he was entitled as a matter of law to a judgment declaring the
following:

!       The Family Trust is the owner in fee simple
of the Property.

!       Fettner, as trustee of the Family Trust, is
entitled to possession of the Property.

!       Fettner=s title in the Property is primary and superior to any
claims to ownership and possession of the Property by any party in this case.

!       Jackie=s attempt in her will to exercise the power of appointment
afforded her by Cecil Sr.=s will in favor of the Center was
invalid.

Fettner
also asked the district court to issue a judgment declaring one or the other of
the following:

!       Although Jackie=s attempt in her will to exercise the power of
appointment afforded her by Cecil Sr.=s will in favor of the Center was invalid, the instructions
in the residuary clause of Jackie=s will constitute a valid power of appointment to Daniel
Andrew Gammill, Kathleen Rose Bungard, Janice Marie Gammill, John Edward
Gammill and Laura May Gammill, equally.

!       Because
Jackie=s attempt in her
will to exercise the power of appointment afforded her by Cecil Sr.=s will in favor of
the Center was invalid, the Property should be conveyed and distributed to
Daniel Gammill under the language contained in Article III.B.(1)(a) of Cecil
Sr.=s will.








In support of his motion, Fettner provided various deeds
showing the chain of title to the Property, as well as the wills of Cecil Sr.
and Jackie.  On February 6, 2007, Fettner served his motion for summary
judgment and a notice of hearing setting the motion for March 2, 2007.  Counsel
for Cecil Jr. and Jaime was served by certified mail, return receipt requested
at his mailing address, which was a post office box.  A notice was left in this
box on February 10, 2007.  The notice informed the box holder that there was a
certified-mail item waiting to be picked up.  Counsel for Cecil Jr. and Jaime
did not pick up this mail until February 22, 2007.  On that same day, Cecil Jr.
and Jamie moved for a continuance of the summary-judgment hearing, based
primarily on the timing of their counsel=s retrieval of the
motion and notice.  At the March 2, 2007, hearing, the trial court denied the
motion for continuance; however, the trial court granted leave for Cecil Jr.
and Jamie to file a late response by March 9, 2007.  The trial court stated
that it would take the motion under submission and rule on the motion after
considering their response and any replies thereto.  On March 9, 2007, Cecil
Jr. and Jamie filed a supplemental response, in which they stated the
following:

!       The probate court has exclusive jurisdiction
to determine the validity of Jackie=s attempt in her will to exercise the power of appointment
afforded her by Cecil Sr.=s will in favor of the Center.

!       The trial court has jurisdiction to determine
whether the Property is part of the Family Trust.

!       Counsel for Cecil Jr. and Jaime has evidence
that he says supports the imposition of a purchase-money resulting trust on the
Property in favor of Cecil Jr.[6]

!       The probate court is the proper forum for the
resolution of Cecil Jr.=s trespass-to-try-title action and
action to remove cloud on title.[7]

!       In the
alternative, Jackie=s attempt in her will to exercise the
power of appointment afforded her by Cecil Sr.=s will failed, and
therefore the disposition of the Property is governed by Cecil Sr.=s will.

Though
the responses filed by Cecil Jr. and Jamie contained argument, they did not
proffer any summary-judgment evidence.

The trial court signed a partial summary judgment on April
2, 2007, granting some of the relief sought in Fettner=s motion.  The
trial court ordered as follows: 








!       The Family Trust is the owner in fee simple
of the Property.

!       Fettner, as trustee of the Family Trust, is
entitled to possession of the Property to the exclusion of all others.

!       The Family Trust is quieted in its title to
the Property, and the clouds cast on the title by the claims of the defendants
are removed.

!       The Family Trust=s title in the Property is primary
and superior to any claims to ownership and possession of the Property by any
party in this case.

In May
2007, the 190th District Court ordered the declarations in this partial summary
judgment severed and assigned docket number 2004-55686-C, thereby making this
partial summary judgment final and appealable.[8] 
Cecil Jr. filed a motion to set aside the order granting the partial summary
judgment and, alternatively, a motion for new trial.  Cecil Jr. based this
motion on alleged Anew evidence@ and the failure
of his former lawyer to file a response including this Anew evidence.@  Cecil Jr.
asserted the Anew evidence@ supported his
claim that he paid for the purchase of the Property and that his parents (Cecil
Sr. and Jackie) merely were holding title in their names to protect his assets
from potential creditors.  The trial court overruled this motion by operation
of law.

In three appellate issues, Cecil Jr. and Jaime assert (1)
the trial court lacked subject-matter jurisdiction because the probate court
had exclusive or dominant jurisdiction; (2) the trial court erred in granting
summary judgment and in overruling the motion for new trial; and (3) the trial
court abused its discretion by granting the severance.








II.  Standard
of Review

In a traditional motion for summary judgment, if the movant=s motion and summary-judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine, material fact issue
sufficient to defeat summary judgment.  M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo
review of a trial court=s summary judgment, we consider all the
evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not.  Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine
issue of fact if reasonable and fair-minded jurors could differ in their
conclusions in light of all of the summary-judgment evidence.  Goodyear Tire
& Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007). 

III.  Issues and Analysis

A.      Is the
summary judgment void for lack of subject-matter jurisdiction?

When Fettner filed his suit, Texas Property Code section
115.001 stated that a district court had original and exclusive jurisdiction
over all proceedings concerning trusts, including proceedings to Amake determinations
of fact affecting the administration, distribution, or duration of a trust@ and Adetermine a
question arising in the administration or distribution of a trust.@  Tex. Prop. Code Ann. ' 115.001(a)(6)B(7) (Vernon Supp.
2008).[9] 
The jurisdiction of a district court over proceedings concerning trusts is
exclusive except for the jurisdiction conferred by law on a statutory probate
court.  Id. ' 115.001(a), (d).  Probate Court Number 2
of Harris County is a statutory probate court.  Tex. Gov=t Code Ann. ' 25.1031(c)(2) (Vernon 2004).  








In his will, Cecil Sr. created the Family Trust, of which
Fettner is the successor trustee.  The parties do not dispute that the Family
Trust is a testamentary trust.  Fettner initially brought suit in the 333rd
District Court.  In his petition, Fettner sought a declaratory judgment.  He
stated that the Property was owned by Cecil Sr. at the time of his death by
virtue of a special warranty gift deed from Jackie to Cecil Sr.  As independent
executor of Cecil Sr.=s will, Jackie, according to the pleading,
executed a special warranty distribution deed transferring the Property to the
Family Trust, making the Property an asset of the Family Trust.  The special
warranty distribution deed shows that Jackie was the trustee of the Family Trust
at the time.  In his petition, Fettner asserted that Jackie=s attempted devise
of the property to the Center was not valid because it was beyond the scope of
the power of appointment granted to Jackie by the testamentary trust.  In the
same petition, Fettner also asserted that, as trustee, he was the owner in fee
simple of the Property and that Cecil Jr. had entered unlawfully and
dispossessed the Trust of the Property.  After his claims were consolidated
into the case in the trial court below, Fettner filed a second amended
petition, asserting the same claims as in the petition to the 333rd District
Court. These questions involve determinations affecting the administration and
distribution of a trust as well as questions arising in the administration or
distribution of a trust.  See Tex.
Prop. Code Ann. ' 115.001(a)(6)-(7); Estate of Dillard,
98 S.W.3d 386, 391 (Tex. App.CAmarillo 2003, pet. denied) (citing Texas
Property Code section 115.001(a) and stating that the extent of a trust=s interests (and
those of its beneficiaries) in property are issues affecting the administration
of a trust).   

Section 5 of the Texas Probate Code sets forth jurisdiction
with respect to probate proceedings.  See Tex. Prob. Code Ann. ' 5 (Vernon Supp.
2009).  When Fettner filed his claims in 2006, the probate court had concurrent
jurisdiction with the district court in all actions involving testamentary
trusts and in all actions by or against a trustee under Texas Probate Code
section 5(e).  Section 5(e) states: 








A statutory probate court has concurrent jurisdiction with the district
court in all personal injury, survival, or wrongful death actions by or against
a person in the person=s capacity as a personal
representative, in all actions by or against a trustee, in all actions involving
an inter vivos trust, testamentary trust, or charitable trust, and in all
actions involving a personal representative of an estate in which each other
party aligned with the personal representative is not an interested person in
that estate.

Tex. Prob. Code Ann. ' 5(e).[10] 
Therefore, when Fettner filed suit in the district court, the probate and
district courts had concurrent jurisdiction over testamentary trusts and
actions by a trustee. See
Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446  n.9 (Tex. 1993)
(stating that subject-matter jurisdiction is determined as of the time that
suit was filed in the trial court); Dallas County v. Autry, 251 S.W.3d
155, 159 (Tex. App.CDallas 2008, pet. denied) (determining
trial court=s subject-matter jurisdiction as of time suit was
filed and based on law and statutes in force at that time).

Section 5A(b) of the Texas Probate Code deals with matters
appertaining to and incident to an estate.  The statute states, in pertinent
part, that except for situations in which the jurisdiction of a statutory
probate court is concurrent with that of a district court as provided by
section 5(e), any cause of action appertaining to an estate or incident to an
estate shall be brought in a statutory probate court.  See Tex. Prob. Code Ann. ' 5A(b) (Vernon
Supp. 2009).  Because the claims in Fettner=s petition involve
a testamentary trust and because this action was brought by a trustee, the
jurisdiction of the probate court is concurrent with that of the district court
as provided by section 5(e).  See id. ' 5.  Under section
5A(b), because Fettner=s claims fall within section 5(e),
jurisdiction is not mandatory and exclusive in the probate court, even if these
claims are appertaining to an estate or incident to an estate.  See id.
' 5A(b).








Cecil Jr. and Jamie contend that Kathleen=s 2004 suit filed
in the 190th District Court triggered that court=s jurisdiction
over this case because her suit and Fettner=s suit both
challenged Jackie=s ownership or right to devise the
Property.  However, in her petition, Kathleen did not request the trial court
to make a determination as to whether the exercise of Jackie=s power of
appointment was invalid.  Rather, in her petition, Kathleen states that A[o]n information
and belief Plaintiff alleges that the [Property] belongs to the Gammill Family
Trust@ and that A[b]y her will,
Jackie Marie Gammill exercised the power of appointment granted to her by the
terms of the will of Cecil Elmer Gammill, Sr., conveying the assets of the
Gammill Family Trust to Daniel, Kathleen, Janice, and John equally.@  The thrust of
Kathleen=s action was to
compel the distribution of Cecil Sr.=s and Jackie=s assets,
including the Property, and to hold her sisters accountable for their alleged
mismanagement of the Family Trust.  Kathleen asserted different claims in 2004
than Fettner did in 2006.  Kathleen=s claims were not
severed into this case in the trial court below, and they are not before this
court on appeal.  We determine whether the trial court below had subject-matter
jurisdiction over Fettner=s claims by looking at the claims and
applicable law at the time Fettner filed these claims. See Tex. Ass=n of Bus., 852 S.W.2d at 446 n.9; Autry,
251 S.W.3d at 159.  The consolidation of these claims into the 2004 case did
not change the fact that Fettner filed these claims in 2006.    








Cecil Jr. and Jaime also argue that Bailey v. Cherokee
County Appraisal District controls this case.  See 862 S.W.2d 581,
582 (Tex. 1993).  In Bailey, the Supreme Court of Texas held that a suit
to collect ad valorem taxes accruing on estate property during an estate
administration is a claim against the estate which should have been filed in
the court exercising probate jurisdiction where the administration was
pending.  See id. at 582.  This case is distinguishable from Bailey. 
First, Bailey did not involve a testamentary trust over which the
district court and probate court have concurrent jurisdiction.  Second, Bailey
involved the jurisdiction of a county court at law exercising probate
jurisdiction in which an estate was pending and the district court where the
taxing authority filed its claim.  See id. at 582B83, 585.  That
situation triggers Texas Probate Code section 5A(a) rather than section 5A(b). 
Section 5A(a) does not contain the sentence in section 5A(b) stating that A[e]xcept for
situations in which the jurisdiction of a statutory probate court is concurrent
with that of a district court as provided by [s]ection 5(e) of this Code or any
other court, any cause of action appertaining to estates or incident to an
estate shall be brought in a statutory probate court.@  Tex. Prob. Code Ann. ' 5A(b); Howe
State Bank v. Crookham, 873 S.W.2d 745, 748 (Tex. App.CDallas 1994, no
writ) (recognizing differences between sections 5A(a) and 5A(b)); Green v.
Watson, 860 S.W.2d 238, 243B44 (Tex. App.CAustin 1993, no
writ) (observing legislative intent to make sections 5A(a) and 5A(b) different
by making express reference to constructive trusts in one and not in the
other).  Under the unambiguous language of section 5A(b), claims referenced in
section 5(e) can be brought in either the statutory probate court or the
district court, and the two courts have concurrent jurisdiction.  In this case,
Fettner chose to file in the district court.  Because the statutes at issue in
this case are materially different from the statutes involved in Bailey,
that case is not on point.

Under the statutes relevant to this case, the trial court
below had concurrent jurisdiction with the probate court over Fettner=s claims, and
Fettner was not required to assert his claims in the probate court, even if
they are claims appertaining to an estate or incident to an estate.  See
Tex. Prob. Code Ann. ' 5A(b). 
Therefore, the trial court=s judgment is not void for lack of
subject-matter jurisdiction.  Accordingly, we overrule the first issue.

B.      Did the trial court grant summary judgment without
notice to Cecil Jr. and Jaime?








Under their second issue, Cecil Jr. and Jaime assert that the trial
court rendered summary judgment without notice to them because, they claim, the
trial court granted summary judgment as to Fettner=s declaratory-judgment action and
his trespass-to-try-title action, even though Fettner only sought summary
judgment as to his declaratory-judgment action.  However, even if the trial
court granted summary judgment as to a claim upon which Fettner did not seek
summary judgment, this would not mean that the trial court granted summary
judgment without notice to Cecil Jr. and Jaime.[11] 
Fettner did state in his motion that he was seeking summary judgment as to his
claim for declaratory judgment, and he emphasized this claim in his motion. 
Nonetheless, in one paragraph of his motion, Fettner addressed Texas Rule of
Civil Procedure 791, which applies to trespass-to-try-title actions.  See
Tex. R. Civ. P. 791. 
Furthermore, a judgment in favor of the plaintiff in a trespass-to-try-title
action must award the plaintiff title or possession, or both, of the property
at issue.  See Tex. R. Civ. P. 804. 
In his motion, Fettner asserted that his title was superior to any other party=s claims of ownership and possession
of the Property, and he asked the court to render summary judgment awarding him
both title and possession of the Property.  Therefore, Fettner did move for
summary judgment as to both his declaratory-judgment action and his
trespass-to-try-title action.  Though Cecil Jr. and Jaime complain on appeal
that Fettner=s motion was unclear and ambiguous,
they waived this argument by failing to raise it in the trial court by special
exceptions to the motion for summary judgment.  See Brocail v. Detroit
Tigers, Inc., 268 S.W.3d 90, 100B01 (Tex. App.CHouston [14th Dist.]  2008, pet. denied).  C.     Did
Cecil Jr. and Jaime preserve error as to their claim that the trial court
abused its discretion by failing to grant a new trial after Cecil Jr. showed
himself entitled to a new trial based on lack of notice?








Under their second issue, Cecil Jr. and Jaime also argue
that the trial court erred in denying Cecil Jr.=s motion for new
trial because they showed they were entitled to a new trial based on lack of
notice under Craddock v. Sunshine Business Lines, Inc.  See 133 S.W.2d
124 (Tex. 1939).  However, Cecil Jr. based his motion for new trial on what he
alleged was Anew evidence@ supporting the
imposition of a resulting trust in his favor.[12] 
In this motion, Cecil Jr. did not allege lack of notice or argue that he was
entitled to a new trial under Craddock.  Cecil Jr. and Jaime did not
voice their complaint regarding lack of notice and their alleged entitlement to
a new trial under Craddock in the trial court.  Therefore, they did not
preserve error as to this complaint.[13] 
See Tex. R. App. P. 33.1(a);
Babajide v. Citibank (S. D.), N.A., No. 14-04-00064-CV, 2004 WL 2933575,
at *1 (Tex. App.CHouston [14th Dist.] Dec. 21, 2004, no
pet.) (mem. op.) (holding appellant waived her complaint that trial court gave her
no notice of summary-judgment hearing by not raising the objection in the trial
court).  

D.      Does the summary-judgment
evidence conclusively prove the matters stated in the trial court=s judgment?








Under their second issue, Cecil Jr. and Jaime also argue
that the summary-judgment evidence does not conclusively prove the matters
stated in the trial court=s judgment.  After reviewing the summary judgment
under the applicable standard of review, we conclude that the uncontroverted
summary-judgment evidence proves as a matter of law the matters stated in the
trial court=s judgment.  Cecil Jr. and Jaime complain that the
summary-judgment evidence does not disprove any legal or factual theory under
which Cecil Jr. or Jaime were claiming any right or interest in the Property. 
However, when Fettner filed his motion, Cecil Jr. and Jaime had not filed any
claim in this case in which they asserted any right or interest in the
Property.  Though they alluded to their resulting-trust theory in their
summary-judgment response, they proffered no evidence to support this theory
prior to the trial court=s granting summary judgment.  Though Cecil
Jr. and Jaime attached evidence in their post-judgment motions, we cannot
consider that evidence in determining whether the trial court erred in granting
summary judgment.  See Hicks v. Captain Elliott=s Party Boats, Inc., 2006 WL
2669362, at *4 (Tex. App.CHouston [14th Dist.] Sept. 19, 2006, no
pet.) (mem. op.).  We conclude that the uncontroverted summary-judgment
evidence supports the trial court=s judgment.[14] 
Accordingly, we overrule the second issue.  We affirm the trial court=s summary
judgment.[15]


E.      Did Cecil Jr. and Jaime
preserve error as to their claim that the trial court abused its discretion by
granting a severance that allegedly split a single claim into two cases that
allegedly had overlapping and interrelated facts?








In their third issue, Cecil Jr. and Jaime argue that the
trial court erred in granting the severance that made the partial summary
judgment final and appealable.  Cecil Jr. and Jamie  assert that the trial
court abused its discretion because it severed part of a claim, that the
severed part would not be the proper subject of a lawsuit if independently
asserted, and that the severed part is so interwoven with the remaining action
as to involve the same facts and issues.  However, Cecil Jr. and Jaime did not voice
this objection to severance in the trial court.  Therefore, they did not
preserve error as to this complaint.[16] 
See Tex. R. App. P. 33.1(a);
Oistad v. Baker & Hostetler, L.L.P., No. 01-05-00493-CV, 2006 WL
488594, at *7 (Tex. App.CHouston [1st Dist.] Mar. 2, 2006, no pet.)
(mem. op.) (holding appellants waived their complaint that trial court erred in
granting severance by not raising that objection in the trial court). 
Accordingly, we overrule the third issue.

                                                IV. 
Conclusion

The trial court had concurrent
jurisdiction with the probate court over Fettner=s claims, and Fettner did not have to bring these
claims in the probate court.  Therefore,
the trial court=s judgment is not void for lack of
subject-matter jurisdiction. Cecil Jr. and Jaime did not preserve error as to
several of their appellate complaints.  The uncontroverted summary-judgment
evidence supports the trial court=s summary judgment.  Accordingly, we affirm the trial court=s summary judgment, its overruling
of Cecil Jr.=s motion for new trial, and its
severance order. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Panel consists of Justices Frost, Brown, and Boyce.









[1]  Cecil Sr.=s
will reads as follows: AI give all of the rest, residue and remainder of my
interest in any property which I may own at the time of my death . . . to the
Trustee named herein, in trust.  The assets comprising such gift shall be held
in a separate and distinct trust called the AGAMMILL
FAMILY TRUST@ under the provisions of this Will.@





[2]  Other documents in the record refer to the Property
by its street address C 5214 North Freeway, Houston, Texas.





[3]  In September 2005, Kathleen nonsuited all of her
claims against Donisi and her proof of claim in Cause Number 332,455-401 in the
probate court.  





[4]  According to the pleading and accompanying exhibits,
in 1991, Cecil Sr. executed a special warranty deed granting, giving and
conveying all of his interest in the Property to Jackie as her sole and
separate property and estate.  In 1995, Jackie granted her interest in the
Property back to Cecil Sr. by a special warranty gift deed.    





[5]  The parties were realigned as David A. Fettner, as
Trustee of The Gammill Family Trust versus Daniel Andrew Gammill, Kathleen Rose
Bungard Arnett, Janice Marie Gammill, John Edward Gammill, Laura May Gammill,
Cecil E. Gammill, Jr. and Jaime Martinez. One week later, the presiding judge
of the probate court granted leave to Jaime Martinez, Cecil Jr.=s daughter, to consolidate into the probate-court case
the breach-of-contract and tort claims that Jaime previously had asserted
against various parties in the trial court below.  These claims recently had
been severed into Cause Number 2004-55686-A by the trial court below. 





[6]  Cecil Jr. and Jamie did not file a counterclaim or
other formal pleading in the trial court asserting that a purchase-money
resulting trust should be imposed on the Property.





[7]  Cecil Jr. had no such claims pending in the trial
court; however, he filed such an action in the probate court on March 9, 2007,
as Cause No. 332,455-402.  The probate court later granted a plea to the
jurisdiction and dismissed this action for lack of jurisdiction.  Cecil. Jr.
has appealed this order, and the appeal is pending in this court as Cause No.
14-07-01013-CV.





[8]  The 190th District Court eventually ruled on the
remaining question concerning whether Jackie exercised the power of
appointment, ordering that she, in fact, did exercise the power of appointment
afforded to her by Cecil Sr.=s will and that
the Property be distributed to Daniel Andrew Gammill, Kathleen Rose Bungard,
Janice Marie Gammill, John Edward Gammill and Laura May Gammill, equally. The
order further directed Fettner to sell the lots and distribute the proceeds
equally between those five siblings.  In an unopposed order declaring
non-ownership of property, the 190th District Court found the purported devise
of the Property by Jackie was legally ineffective and that, as a result, the
Center did not own the property.  None of these rulings are before this court
in this appeal.





[9]  In 2007, the Texas Legislature added that district
courts also have original and exclusive jurisdiction over all proceedings by or
against a trustee except for jurisdiction conferred by law on a statutory
probate court.  See Act of May 17, 2007, 80th Leg., R.S., ch. 451, ' 11, 2007 Tex. Gen. Laws 801, 804B5.  Because this addition does not affect the outcome
of this case, we cite to the current version of the statute.





[10]  We note that Texas Probate Code section 5(e) was
amended in 2003 and testamentary trusts were removed from the list of those
actions for which the probate and district courts share concurrent jurisdiction. 
See Act of May 27, 2003, 78th Leg., R.S., ch. 1060, ' 2, 2003 Tex. Gen. Laws 3052, 3053. In 2005,
testamentary trusts and actions by and against a trustee were added to section
5(e)=s grant of concurrent jurisdiction.  See Act of
May 23, 2005, 79th Leg., R.S., ch. 551, ' 1,
2005 Tex. Gen. Laws 1476, 1477.  Fettner filed his claims in the 333rd District
Court in June 2006.





[11]  In a motion to continue the summary-judgment
hearing, Cecil Jr. and Jaime complained of insufficient notice due to their
attorney=s failure to pick up his certified mail until eight
days before the hearing.  However, the trial court denied this motion, and this
ruling has not been challenged on appeal.  In any event, the trial court gave
Cecil Jr. and Jaime seven more days to file their summary-judgment response. 
The record reflects that the trial court granted summary judgment with notice
to Cecil Jr. and Jaime.  Furthermore, this complaint of insufficient notice is
not the same as a complaint that the trial court granted summary judgment as to
a claim upon which Fettner did not seek summary judgment.





[12]  Jaime did not join in this motion.





[13]  In their motion to continue the summary-judgment
hearing, Cecil Jr. and Jaime complained of insufficient notice due to their
attorney=s failure to claim his certified mail until eight days
before the hearing.  See supra, n.11.  However, the trial court denied
this motion, and this ruling has not been challenged on appeal.  In any event,
this complaint is not the same as a complaint that there was no notice or that
Cecil Jr. is entitled to a new trial under Craddock.





[14]  Cecil Jr. and Jaime assert that because some
beneficiary or beneficiaries of the Family Trust will be entitled to a
distribution of the Property, the trial court erred in concluding that Fettner,
as trustee, had the right to possession of the Property to the exclusion of
others and that the trust=s title is primary and superior to any claims to
ownership and possession of the Property by other parties as of the date of the
judgment.  However, the trial court=s
declaration that the Family Trust currently had superior title and right to
possession was not inconsistent with the trustee=s duty in the future to distribute the Property to the beneficiaries
according to the terms of the trust and the power of appointment granted to
Jackie.





[15]  Cecil Jr. and Jaime also argue that Jackie did not
exercise the power of appointment in her will, and therefore, the Property must
be distributed as otherwise provided in Cecil Sr.=s will.  However, the trial court did not address in this judgment
whether the instructions in the residuary clause of Jackie=s will constituted a valid exercise of the power of
appointment.  Therefore, this issue is not before this court.





[16]  Cecil Jr. and Jaime did object to the severance in
the trial court.  However, the only basis asserted was that the trial court had
not yet heard or ruled on their motion to set aside the trial court=s partial summary judgment.  This is not the complaint
that they assert on appeal.